IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AYSUN ESTRADA, Individually and as<br>Next Friend of N.E., a Minor, and as<br>Representative of the Estate of DANIEL R.<br>ESTRADA, CINDY TROUPE ESTRADA and<br>DANIEL B. ESTRADA, Individually and as<br>Next Friend of D.E. and K.E., Minors,<br><br>        Plaintiffs,<br>vs.<br><br>GENERAL MOTORS, LLC d/b/a<br>GENERAL MOTORS COMPANY, LLC and<br>KEY SAFETY SYSTEMS, INC.<br><br>        Defendants. | § § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 411-CV-00714** |

## DEFENDANTS' MOTIONS IN LIMINE

Defendants General Motors, LLC and Key Safety Systems, Inc. (collectively referred to as "Defendants") file these Motions in Limine and, request that before the voir dire examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, the Court instruct Plaintiffs, Plaintiffs' counsel, and all of Plaintiffs' witnesses to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning any of the following matters, without first approaching the bench and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case.

**1.**
**Unfairly Prejudicial Photographs and Videotapes**

Plaintiffs should not be permitted to offer into evidence or publish to the jury any photographs that are so explicit or inflammatory that their probative value is outweighed by their potential for unfair prejudice. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996 (5th Cir. 1998); FED. R. EVID. 403. In particular, counsel for Plaintiff should not be permitted to introduce photographs of Daniel R. Estrada's burned body, as there is no evidence that such photographs are probative to the jury. The use of such photographs would be unfairly prejudicial. In *Campbell*, the Fifth Circuit upheld the United States District Court for the Southern District of Texas' refusal to admit in evidence post-crash photographs of the decedent, who was badly burned. *Id.* at 1003-04. The Court explicitly noted the Advisory Committee's Note to Rule 403, which stated photographs that "induce a decision on a purely emotional basis" may require the exclusion of even relevant evidence. *Id.* at 1004. In addition, the Court noted that "the photographs. . .created some risk that the jury's decision would be based on a visceral response to the images presented." *Id.* Accordingly, the Fifth Circuit found no error in the district court's exclusion of the photographs. *Id.* at 1004-05. Here, photographs of Daniel R. Estrada's burn injuries can only serve to induce a jury decision on a purely emotional basis rather than an application of the law to the facts.

**GRANTED**: _____     **DENIED:** _____     **AGREED:** _____

**2.**
**Audio Portion of Police Dash Cam Video Including Screams of Non-Claimant**
**Witnesses**

Much of the incident at issue in this case was caught on video and/or the audio portion of the video. In particular, Trooper Anthony Aragones' dash cam recorded Daniel R. Estrada speeding at 90 miles per hour on Park Road 37, the burning vehicle in its final resting position, and the aftermath of the crash with his dash cam video recorder. This video is relevant and

important as the police car approaches the vehicle in its final resting position, as is the audio captured.  However, the usefulness of the video once the police car is actually parked is less probative.  At that point, the burning vehicle is no longer visible.  Instead, Trooper Aragones' dash cam only records the audio of Daniel Estrada's girlfriend, Diane Navarro, and Ms. Navarro's daughter, Ashley Knight, screaming uncontrollably in distress.  Ms. Navarro and Ms. Knight are not claimants in this matter, nor are they even relatives of Daniel R. Estrada. Their screams are not relevant to any of the claims in this matter. The audio of Ms. Navarro and Ms. Knight captures evidence of only their mental anguish—an element of damages that is not recoverable in this case.  To allow the jury to hear their screams and cries, including Knight referring to Estrada as "Daddy" can only serve to confuse the jury and prejudice Defendants. Finally, much of the screaming is in Spanish meaning some jurors may understand it while others may not. Fed. R. Evid. 401, 402, 403.

**GRANTED**: _____       **DENIED:** _____       **AGREED:** _____

### 3.
### Evidence of Recall Campaigns

Any mention of, reference to, or evidence regarding any alleged recalls, service campaigns, or other similar matters that are unrelated to Plaintiffs' defect theories in this case, the subject crash, and/or Plaintiffs' alleged injuries and damages, should be excluded.  Plaintiffs' expert, Steven Meyer, bases his opinion, in part, on a technical service bulletin that does not even reference any condition related to a jammed pin or a jammed button on the JDC buckle.

> Q.   So we've marked it as Exhibit No. 8, this technical service bulletin that you referenced, which is bulletin No. 090940001A, and you agree with me that this technical service bulletin does not reference a condition related to a jammed pin or even a jammed button on the JDC, does it?

A.   No, it refers to difficulty unlatching the buckle and that the release button is sticking.

Q.   And they attribute the release button sticking to foreign material, debris or sticky liquids get into the buckle, is that correct?

A.   They say that's a likely cause.[1]

Further, Plaintiffs' expert testified that the safety belt buckle at issue has never been recalled for the allegedly defective condition claimed by Plaintiffs.

Q.   This buckle has never been recalled for the condition you're claiming?

A.   True.

Q.   This buckle has never been investigated the Office of Defect Investigation for the condition you're claiming, correct?

A.   Correct.

Q.   And to your knowledge, no one has reported the condition you're claiming occurred in the way you claim it occurred in Mr. Estrada's accident?

A.   That's fair.[2]

Evidence of unrelated recalls would have no materiality or relevance to the issues here and could only serve to unfairly prejudice and unfairly surprise Defendants.  Fed. R. Evid. 401, 402, 403.

**GRANTED**: _____       **DENIED:** _____       **AGREED:** _____

### 4.
### Statements or Reports of Witnesses Not in Court

Any attempts to tender, refer to, offer or exhibit any statement or report from any witness who has not been in Court to testify and to subject himself or herself to cross-examination should

---

[1] *See* excerpts of the deposition of Steven Meyer, attached as **Exhibit A**, at 100:6-17.
[2] *Id*. at 246:6-16.

be excluded as hearsay and on the ground of unfair prejudice.  FED. R. EVID. 401, 402, 403, 801, 802.

**GRANTED: _____   DENIED: _____   AGREED: _____**

### 5.
### Physician and Medical Care Provider Statements

Any mention of, reference to, or evidence regarding alleged statements by doctors or other medical professionals regarding Daniel R. Estrada's injuries and the cause of such injuries should be excluded as hearsay.  FED. R. EVID. 801, 802, 803.  Furthermore, introduction of such statements would constitute an improper attempt to introduce expert testimony without a showing such witnesses are qualified or that the witnesses' opinions are helpful to the jury.  FED. R. EVID. 701, 702.

**GRANTED: _____   DENIED: _____   AGREED: _____**

### 6.
### Other Defect Claims or Theories

Any mention of, reference to, or evidence regarding other alleged defects in the 2003 Chevrolet Corvette, which are not causally related to this accident or Plaintiffs' alleged injuries and damages, should be excluded.  Although Plaintiffs' Original Complaint alleges vague defects "including" but "not limited to the danger posed by the seat belt assembly as a result of the materials used to manufacture the seat belt,"[3] Plaintiffs have only designated experts and provided expert opinion testimony regarding alleged defects in the safety belt system in the subject Corvette.   Plaintiffs have presented no evidence to establish that any other manufacturing, marketing or design defects exist in the subject vehicle, or that any defect caused the fire that engulfed the subject Corvette.   Moreover, by an Order dated September 19, 2012, the Court granted GM's Motion for Partial Summary Judgment, precluding the presentation of

---

[3] *See* Plaintiffs' Second Amended Complaint, Docket Entry No. 23, p. 5, para. 30.

any theory that a manufacturing, marketing or design defect caused the subject fire.[4] Accordingly, evidence or testimony related regarding alleged manufacturing, marketing or design defects in the subject Corvette, or that any defect caused the subject fire, are not material or relevant to any issues in this lawsuit and should be excluded.

Further, Plaintiffs should not be permitted to mention, refer to, or offer evidence regarding other alleged defects Plaintiffs have not identified in their pleadings, including, but not limited to, alleged defects related to handling and stability.  Evidence or testimony related to those or other alleged defects or "problems" with the Corvette are irrelevant to any issues in this lawsuit and should be excluded.  FED. R. EVID. 401, 402, 403; FED. R. CIV. P. 26.

**GRANTED: _____     DENIED: _____     AGREED: _____**

## 7.
## <u>Liability Insurance Coverage</u>

Any mention or reference, either directly or indirectly, that Defendants are or may be covered by some form of liability insurance should be excluded.   FED. R. EVID. 411.  Additionally, Plaintiffs should not be permitted to mention or reference insurance and/or to question prospective jurors or witnesses as to whether they have adjusted claims, worked for an insurance company, or have any relatives or close family members who have adjusted claims or worked for an insurance company.  This type of question or reference would be calculated to suggest to the jury that there was insurance coverage on the part of Defendants in this case.  FED. R. EVID. 411.

**GRANTED: _____     DENIED: _____     AGREED: _____**

---

[4] *See* Docket Entry No. 45.

**8.**
**Attorney-Client Privilege**

Any mention of or reference to any communications between Defendants' attorneys and Defendants and their employees and representatives (including conversations between the attorneys and such persons and/or all transactions connected thereto) should be excluded. Defendants claim the attorney-client privilege with regard to such matters and such matters are consequently inadmissible and improper to place before the jury.  FED. R. EVID. 501; TEX. R. EVID. 501.

**GRANTED: _____   DENIED: _____   AGREED: _____**

**9.**
**Defendant's Financial Status**

Any mention of Defendants' finances, ability to pay, gross sales, or of any other matter relating to Defendants' financial status should be excluded, as such matters have no relevance or probative value to any issue should be excluded in this case, and would be calculated to cause unfair prejudice.

Any mention of or attempt to compare the assets or relative wealth of Plaintiffs and Defendants should be excluded for the same reason.  Such matters are not relevant or admissible in this case and should not be brought to the jury's attention, either directly or implicitly.  FED. R. EVID. 403.

**GRANTED: _____   DENIED: _____   AGREED: _____**

**10.**
**Request for Punitive or Exemplary Damages**

Any mention of, reference to, or evidence regarding punitive damages, exemplary damages, and/or alleged gross negligence by Defendants should be excluded.   Although Plaintiffs' Complaint sets forth a claim for exemplary damages, Plaintiffs have not disclosed any

action or omission on the part of Defendants that allegedly gives rise to gross negligence.  FED. R. CIV. P. 26.  None of the Plaintiffs' experts have given an opinion that Defendants were grossly negligent.  Further, Plaintiffs have no evidence that Defendants acted with an extreme degree of risk, when viewed objectively, and no evidence Defendants nevertheless proceeded with conscious indifference as to the rights, safety or welfare of others.  Therefore, any mention of punitive damages, exemplary damages, and/or alleged gross negligence of Defendants would only serve to unfairly surprise and prejudice Defendants.  FED. R. CIV. P. 26; FED. R. EVID. 401, 402, 403.

**GRANTED:** _____  **DENIED:** _____  **AGREED:** _____

## 11.
### Plaintiffs' Ability to Pay Medical or Funeral Expenses

Any mention or reference, either directly or indirectly, of Plaintiffs' inability to pay medical or other expenses, the non-existence or insufficiency of insurance to pay for medical bills, funeral or burial expenses, or other expenses should be excluded, as such matters have no relevance or probative value to any issue in this case and would be calculated to cause unfair prejudice.  Such matters are not relevant or admissible and should not be brought to the jury's attention, either explicitly or inexplicitly.  FED. R. EVID. 401, 402, 403.

**GRANTED:** _____  **DENIED:** _____  **AGREED:** _____

## 12.
### Alleged Pecuniary Damages for Cindy Troupe Estrada and Daniel B. Estrada

Any mention of, reference to, or evidence regarding alleged past or future damages for alleged pecuniary loss on behalf of Cindy Troupe Estrada and Daniel B. Estrada should be wholly excluded.  Cindy Troupe Estrada and Daniel B. Estrada are the natural parents of Daniel R. Estrada, deceased.  Ms. Troupe testified in deposition that Daniel R. Estrada did not provide

her with any type of regular monetary support.

> Q.     Okay.  In the time frame of June of 2010, was he regularly providing money to you in any way?
>
> A.    No. .[5]

Similarly, Mr. Estrada testified that he was not receiving any financial assistance from Daniel:

> Q.     (By Mr. Cox)  At the time of Daniel's death, we already discussed you had moved to Hawaii; correct?
>
> A.    Yes.
>
> Q.     Were you in any way financially dependent on   Daniel? Was he providing any financial assistance to you or your family at that point?
>
> A.    No, sir. [6]

Moreover, Plaintiffs have not provided any calculation of alleged damages.[7]  In addition, Plaintiffs' expert, Thomas Mayor, Ph.D., provided no opinions or testimony related to the alleged economic damages sustained by Cindy Troupe Estrada or Daniel B. Estrada.  Instead, Dr. Mayor provided an opinion of the total economic loss to Daniel's surviving family had Daniel been a "typical provider of household services and a typical personal consumer."

> Q.     Dr. Mayor, page 4 of your report begins with the title Summary.
>
> A.   Right.
>
> Q.   Though I'm no economist, this is a summary of the work that you did in some of the calculations. Correct?
>
> A.   That's right.
>
> Q.   And let's look at the actual wording of your Summary.  You said, "Had Mr. Estrada been a typical provider of household services and a typical personal consumer (30 percent of household income), then the total amount of economic loss to the surviving

---

[5] *See* excerpts of the deposition of Cindy Troupe Estrada, attached as **Exhibit B**, at 21:25-22:2.
[6] *See* excerpts of the deposition of Daniel B. Estrada, attached as **Exhibit C**, at 23:1-7.
[7] *See* Plaintiffs' Initial Disclosures, attached as **Exhibit D**, at subsection (c).

family may be summarized as follows:"  And you have given your average high school graduate calculation and an average auto mechanic calculation, both using the same household services figure.  Correct?

A.  That's correct.

Q.   You used the phraseology, "had Mr. Estrada been typical" because you're making that assumption for purposes of these calculations that he was.  The jury will have to determine if in fact he was.

A.  Exactly.

Q.   Same for personal consumer.  You say had he been a typical personal consumer, then you would apply the $538,019, but the jury is going to have to determine if he was or was not a typical consumer.

A.   Exactly.  I will not have any opinion at trial saying that he would have been typical in these regards.  I will just provide numbers had he been. The emphasis on the subjunctive tense there.

Q.   You are not going to be providing at the time of trial any economic analysis of his business unlimited performance.  Correct?

A.  Correct.

Q.   Have you done any analysis or will you be providing any testimony at trial regarding the value of that business at the time of his death?

A.  No.

Q.   Are there any other economic opinions that you intend to offer at trial that we haven't at least discussed today?

A.  No. [8]

Therefore, Plaintiffs have not disclosed any calculation of damages, and should be prohibited from introducing any evidence of alleged pecuniary loss as such would be unfair surprise and unfairly prejudicial to Defendants.  FED. R. EVID. 403; FED. R. CIV. P. 26.

---

[8] *See* excerpts of the deposition of Thomas Mayor, Ph.D., attached as **Exhibit E**, at 60:8 – 61:24.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**13.**
**Plaintiffs' Intended Use of Judgment Proceeds**

Any mention or reference, made in any manner, as to how or in what manner Plaintiffs intend to spend or otherwise distribute proceeds from any judgment or verdict rendered in this case should be excluded as such matters are totally irrelevant and immaterial to any issue in this case.  FED. R. EVID. 401, 402.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**14.**
**Court Rulings on Matters Outside the Jury's Presence**

Any mention of, reference to, or evidence regarding any action of the Court in ruling upon any matter, including this Motion in Limine, prior to the trial of this case or during the trial of this case where the ruling is made outside of the presence of the jury, with the exception of objections to its violation, should be excluded.  Further, Defendants request an instruction that no mention or reference be made about the pleadings, motions (including this Motion in Limine), or other matters filed by Defendants herein or that such matters filed by Defendants were of a particular nature.  FED. R. EVID. 402, 403.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**15.**
**Requests to Produce or Agree**

That the Plaintiffs and attorneys for Plaintiffs not demand or request that attorneys for Defendants produce documents or instruments contained in the files of Defendants or their attorneys or offer to stipulate to any fact, or make any sort of agreement, in the presence of the jury.  Further, that Plaintiffs and attorneys for Plaintiffs not state or imply that certain documents

or information were requested by Plaintiffs and not provided by Defendants, as all discovery issues are a matter for the Court, which should have been raised prior to trial.   FED. R. EVID. 402, 403.

**GRANTED: _____     DENIED: _____     AGREED: _____**

## 16.
## Correspondence of Counsel

That the attorneys for Plaintiffs and their witnesses be prohibited from introducing into evidence or reading from any correspondence of Defendants' counsel.  Said documents have no bearing on the issue in this case and could cause irreparable harm to the jury fact finding process. FED. R. EVID. 402, 403.

**GRANTED: _____     DENIED: _____     AGREED: _____**

## 17.
## Expert Reports by Plaintiffs' Experts

Any "expert report" prepared by experts should be excluded as inadmissible hearsay to which no exception applies.  FED. R. EVID. 802.

**GRANTED: _____     DENIED: _____     AGREED: _____**

## 18.
## Defendant's Discovery Practices

Any allegations by Plaintiffs or Plaintiffs' counsel that Defendants have engaged in misconduct in the discovery phase in this case or other cases should be excluded. Likewise, Plaintiffs should not be permitted to offer into evidence information regarding pretrial disputes, adequacy of pretrial discovery responses, other discovery issues, protective orders, and settlements or settlement discussions in this case or any other cases involving Defendants.  Such information is not relevant to issues in this matter, and references to such matters would only

serve to inflame the jury against Defendants.  FED. R. EVID. 401, 402, 403.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**19.**
**Any Witness Not Properly Identified in Response to Discovery**

Any witnesses not properly identified in Plaintiffs' discovery responses should be excluded.  Offering testimony from undisclosed witnesses would constitute an unfair surprise and would unduly prejudice Defendants.  FED. R. EVID. 403; FED. R. CIV. P. 26.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**20.**
**Any General Motors or Key Safety Documents Not Produced During Discovery**

Any General Motors or Key Safety document that has not been provided by Plaintiffs in this case should be excluded.  FED. R. CIV. P. 26, 37.  Further, Plaintiffs should be prohibited from using any such documents during the examination of their witnesses, including Plaintiffs' designated experts, and cross-examination of Defendants' witnesses.  Documents of this type were requested from Plaintiffs during discovery in this matter.  To the extent Plaintiffs or their experts have any such documents and they have not been produced, they should be excluded. FED. R. CIV. P. 26, 37.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**21.**
**Jury Interrogation about Question on Damages**
**and the Ability to Award a Specific Amount of Damages**

Plaintiffs should not be permitted to ask prospective jurors whether they would answer questions on damages, large or small, if supported by the evidence, regardless of who pays it or when it will be paid or whether it will ever be paid, or any version of such question.  Such questions would improperly inject insurance into the trial of this case.  Further, Defendants move

this Court to instruct Plaintiffs' counsel not to make any similar jury argument.  If any such comment is made, it could <u>only</u> be for the purpose of improperly informing the jury of the existence of liability insurance and improperly committing the jury to award damages without any evidence to support same.

Further, there should be no questioning of potential jurors during voir dire of their ability to award a specific amount of damages. Such questioning is argumentative and improper. Plaintiffs' counsel should not be allowed to ask specific questions that are necessarily related to the facts of the case that will not be before the prospective jurors at that time. Such questioning would improperly require the prospective jurors to arrive at opinions or conclusions without first hearing the evidence.

**GRANTED: _____     DENIED: _____     AGREED: _____**

## 22.
## <u>Settlements or Negotiations</u>

Plaintiffs should not be permitted to mention or offer into evidence any offer of settlement or compromise made on behalf of Defendants to Plaintiffs, or on behalf of Plaintiffs to Defendants.  FED. R. EVID. 408.

**GRANTED: _____     DENIED: _____     AGREED: _____**

## 23.
## <u>Subsequent Design Changes</u>

Plaintiffs and Plaintiffs' attorneys, experts and witnesses should not be permitted to offer, or attempt to offer, any evidence of changes or suggestions or recommendations of changes made subsequent to the design and manufacture of the 2003 Chevrolet Corvette, including changes related to the allegedly defective safety belt.  FED. R. EVID. 407.  Evidence of such

changes would have no materiality or relevance to the issues in this lawsuit and could only serve the purpose of attempting to prejudice the jury against Defendants. FED. R. EVID. 401, 402, 403.

**GRANTED:** _____   **DENIED:** _____   **AGREED:** _____

### 24.
### Tests, Quizzes, or Polling that Pre-commits Jurors to an Outcome

Hypotheticals, statements or questions asking if a prospective juror agrees, disagrees, or strongly disagrees with a particular standard of care would be irrelevant and unduly prejudicial, because they because they attempt to pre-commit jurors to a determined outcome and they confuse the jury as to the legal standard that actually applies to this case.

**GRANTED:** _____   **DENIED:** _____   **AGREED:** _____

### 25.
### Use of Exhibits that Have Not Been Produced or Made Available for Inspection

Defendants object to the use of any exhibit that is not available for inspection before it is displayed to the jury.  If the exhibit is in electronic format only, then it should be made available for inspection in electronic format.  Display of the exhibit before it is inspected could result in harm to Defendants, and would therefore be unduly prejudicial. FED. R. EVID. 403; FED. R. CIV. P. 26.

**GRANTED:** _____   **DENIED:** _____   **AGREED:** _____

### 26.
### Purported Cost-Benefit Analyses

Any mention of, reference to, or argument regarding purported cost-benefit analyses or calculations regarding the cost of making alleged improvements to the 2003 Chevrolet Corvette, including its safety belt system, versus the costs of litigation, including judgments and settlements, should be excluded because such comments or statements would be irrelevant, unduly prejudicial and designed to incite anti-corporate bias. FED. R. EVID. 401, 402, 403.

Plaintiffs have not produced any evidence that the design or manufacture of the 2003 Chevrolet Corvette was affected by any purported cost-benefit analyses.  The admission of statements or arguments that are not supported by any disclosed evidence would constitute trial by ambush, an unfair surprise, an endorsement of dilatory and abusive discovery tactics, and an unwarranted prejudice of Defendants' rights to fully and fairly prepare for the trial of this matter. FED. R. EVID., 401, 402, 403.

**GRANTED: _____     DENIED: _____     AGREED: _____**

### 27.
### Testing and Experiments Performed After Commencement of Trial

Plaintiffs should not be permitted to mention or offer into evidence any tests, experiments or procedures performed after the commencement of trial in this case.  It is the specific intent of this request to prohibit the introduction of any so-called "overnight" tests and/or any testimony about, or opinions based in whole or in part upon, such "overnight" tests conducted during trial of this case.  FED. R. CIV. P. 26, 37.

**GRANTED: _____     DENIED: _____     AGREED: _____**

### 28.
### Alleged Statutory Violations

Plaintiffs should not be permitted to mention, refer to, or offer evidence regarding any alleged conduct by Defendants that violated any state or federal law, statute or regulation.  Such evidence is not admissible because compliance with standards calls for a purely legal conclusion, and the prejudicial nature of such statements or evidence would far outweigh any probative value, would tend to confuse and mislead the jury, and would create unfair prejudice.  FED. R. EVID. 401, 402, 403, 704.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**29.**
**Stipulation or Agreements in Front of the Jury**

Any attempt in the presence of the jury to seek or request Defendants' attorneys to produce documents, to stipulate to any fact, or to make any agreement.

**GRANTED: _____    DENIED: _____    AGREED: _____**

**30.**
**Placing Jurors in the Position of the Plaintiffs**

Any medical bill, expense, or show the jury any medical bill, expense, or charge without first having established the proper predicate from a qualified witness that the amount charged for was reasonable at the time and place the service were rendered and was necessary for treatment of the injury allegedly sustained as a result of the accident in question.

**GRANTED: _____    DENIED: _____    AGREED: _____**

**31.**
**Unavailable Witnesses**

Any references or comments suggesting or placing before the jury the probable or anticipated testimony of a witness who is absent, unavailable, or otherwise not called to testify at the trial of this cause.  *Brown v. Carr*, Civil Action No. C-04-471, 2008 WL 167313 (S.D. Tex. Jan. 16, 2008 (unpublished).

**GRANTED: _____    DENIED: _____    AGREED: _____**

**32.**
**Questions to Counsel in Front of the Jury**

Any question directed to defense counsel in front of the jury.

**GRANTED: _____    DENIED: _____    AGREED: _____**

**33.**
**Use of Demonstrative Aids**

Any attempts to exhibit or display in any way before the jury any documents, maps, drawings, photographs, videotapes, blow-ups, motion pictures, powerpoints, charts, or other visual displays, without the same first being tendered to the Court and opposing counsel, outside the presence of the jury.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**34.**
**Cost of Defense**

Any reference to the amount of money Defendants may have spent to defend this case. The U.S. Constitution provides litigants a right to trial by jury and a right to a fair and impartial trial.  Any such statement is improper and unfairly prejudicial.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**35.**
**Use of Discovery Responses**

Any reference to or use of discovery responses filed by Defendants in other litigation without first establishing, outside the presence of the jury, the proper foundation and authenticity of any such matters.

**GRANTED: _____     DENIED: _____     AGREED: _____**

**36.**
**Discovery in This Case**

Any reference to an alleged failure or refusal on the part of Defendants to provide to the Plaintiffs all required discovery in this action or any suggestion that Defendants have not engaged, in good faith, in the discovery process or that it has withheld or failed to produce any

document or other material which the Plaintiffs now claims to be entitled.

**GRANTED: _____    DENIED: _____    AGREED: _____**

### 37.
### NHTSA Or Generated Documents

Reference to or evidence of any Department of Transportation or NHTSA reports, documents, or correspondence unless and until such documents have been properly authenticated, their hearsay implications addressed, and their relevancy to the subject vehicle established.

**GRANTED: _____    DENIED: _____    AGREED: _____**

### 38.
### Proper Notice for Depositions

Any attempt to play any videotaped deposition or read any deposition to the jury without advising attorneys for Defendants notice hours before of the pages and line numbers which Plaintiffs intend to play or read to the jury, with the exception of impeachment of a witness who is on the stand at the time of the reading of his deposition.

**GRANTED: _____    DENIED: _____    AGREED: _____**

### 39.
### The Filing of Motions in Limine

Any reference to the fact that a Motion *in Limine* has been filed, that a ruling by the Court thereon has been obtained, or any suggestion to the jury by argument or otherwise, that Defendants sought to exclude any matter bearing on the issues in this cause.

**GRANTED: _____    DENIED: _____    AGREED: _____**

**40.**
**FMVSS Standards**

Any reference that FMVSS Test Standards as being minimum standards or implying that Defendants failed to meet any federal vehicle standards.

**GRANTED: _____    DENIED: _____    AGREED: _____**

**41.**
**Injury Causation and Vehicle Performance Testimony from Lay Witnesses**

Defendants respectfully request this Court exclude all evidence from any lay witness, including paramedics, investigating officers, treating physicians, or other witnesses, regarding Daniel R. Estrada's injury causation, crashworthiness, seatbelt defects, seatbelt malfunction, seatbelt performance, or the performance of the seat belts in the subject vehicle, as such persons are not qualified to render such opinion testimony.  Any opinion testimony from such lay witnesses would be purely speculative.  The United States Supreme Court recognizes "a witness must be qualified as an expert before he can give an opinion as an expert."  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999).

Further, Plaintiffs have not designated any lay witnesses as experts expected to offer expert testimony regarding injury causation.  To allow lay witnesses to opine regarding seatbelt performance, vehicle performance, and injury causation would violate Federal Rules of Evidence 701 and 702, and unfairly prejudice Defendants' defense in this case.  FED. R. EVID. 701, 702 and 403.

**GRANTED: _____    DENIED: _____    AGREED: _____**

**42.**
**References to *Woods v. General Motors***

Any pleadings, motions, discovery, letters, deposition transcripts, expert reports or other references relating *Brenda Woods, et al v. General Motors Corporation, et al*; Civil Action No, 2-08CV-122; in the United States District Court for the Eastern District of Texas, Marshall Division.  The *Woods* matter involved a different vehicle, a different accident sequence and a different defect allegation than the case at issue. FED. R. EVID. 401, 402, 403.

**GRANTED: _____     DENIED: _____     AGREED: _____**

Dated: December 10, 2012,

Respectfully submitted,

*s/Jeffrey J. Cox*
**JEFFREY J. COX**
State Bar No. 04947530
Federal Bar No. 23531
**HARTLINE DACUS BARGER DREYER LLP**
6688 North Central Expressway, Suite 1000
Dallas, Texas  75206
(214) 369-2100
(214) 369-2118 (fax)

**ATTORNEY FOR DEFENDANT**
**GENERAL MOTORS LLC**

**And**

*/s/ Jack E. Little, Jr.*
**Jack E. Little, Jr.**
State Bar No. 12420010
**Amber Stryk Skillern**
State Bar No. 24043944
**WEINSTEIN TIPPETTS & LITTLE LLP**
7660 Woodway, Suite 500
Houston, Texas 77063
(713) 244-0800
(713) 244-0801 (fax)

Of Counsel:
Michael P. Cooney
Brian T. Smith
**DYKEMA, PLLC**
400 Renaissance Center
Detroit, Michigan 48243
(313) 568-6955
(313) 568-6549 (fax)

**ATTORNEYS FOR DEFENDANT KEY**
**SAFETY SYSTEMS, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF system on the 10th day of December, 2012.

*s/Jeffrey J. Cox*