IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AYSUN ESTRADA, Individually and as Next Friend of N. E , a Minor, and as Representative of the Estate of DANIEL R. ESTRADA, CINDY TROUPE ESTRADA and DANIEL B. ESTRADA, Individually and as Next Friend of D E and K E | § § § § § § § § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. 4:11-cv-00714 |
| GENERAL MOTORS, LLC d/b/a GENERAL MOTORS COMPANY, LLC and KEY SAFETY SYSTEMS, INC. | § § § § § | |
| Defendants | § § | |

## PLAINTIFFS' MOTIONS IN *LIMINE*

Plaintiffs Aysun Estrada, Individually and as Next Friend of N E , a Minor, and as Representative of the Estate of Daniel R. Estrada, Cindy Troupe Estrada and Daniel B. Estrada, Individually and as Next Friend of D E and K E , Minors (collectively, "Plaintiffs"), file these Motions in *Limine*, and request that before the *voir dire* examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, the Court instructs Defendants General Motors, LLC d/b/a General Motors Company, LLC ("GM") and Key Safety Systems, Inc. ("KSS") (collectively, "Defendants"), Defendants' counsel, and all of Defendants' witnesses to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning any of the following matters,

1

without first approaching the bench and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors, and the jurors ultimately selected to try this case.

## 1.
## Collateral Sources

That any portion of the damages sought by Plaintiffs have been, or will be, paid by any collateral source, including but not limited to: (a) health and accident or disability insurance; (b) any employee plan, formal or informal, including payment of wages for time not actually worked; (c) social security or welfare; (d) Veterans or other benefits; or (e) medical services provided free of charge, or for less than reasonable and customary charges—provided that the foregoing does not prohibit reference to unpaid charges of any health care provider who actually testifies for Plaintiffs (or whose medical records are offered by Plaintiffs), or to any letter of protection securing any such charges.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

## 2.
## Retention of Attorney

The time or circumstances under which Plaintiffs consulted or retained an attorney; provided that if any attorney referred a party to a health care provider who testifies in the case (or whose medical records are introduced by such party), such fact may be a subject of inquiry.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

## 3.
## Criminal Offenses

That any party or witness has been suspected of, arrested for, charged with, or convicted of any criminal offense, unless there is evidence of a specific conviction of a crime involving moral turpitude within the past ten years.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

# 4.
## Alcohol or Drug Use

That Plaintiffs have used or abused alcohol, tobacco, or any controlled substance, unless and until such alleged use or abuse is shown to be specifically relevant to the matters in controversy.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

# 5.
## Settlement or Negotiations

Defendants should not be permitted to mention or offer into evidence any offer of settlement or compromise made on behalf of Plaintiffs to Defendants, or on behalf of Defendants to Plaintiffs. FED. R. EVID. 408.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

# 6.
## Discovery Disputes or Claims of Privilege

Any reference to discovery disputes that arose during the preparation of the case for trial, and to any position taken by any party with respect thereto, or to the Court's rulings thereon. Additionally, any evidence or argument suggesting that Plaintiffs through their attorney, asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

# 7.
## Prior Suits or Claims

That Plaintiffs have been a party to any prior lawsuit, or have asserted any prior claim, or that any prior claim has been asserted against a party. This includes but is not limited to any worker's compensation claim of Plaintiffs, and any prior motor vehicle accidents of Plaintiffs.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

## 8.
## Statements or Reports of Witnesses Not in Court

Any attempts to tender, refer to, offer or exhibit any statement or report from any witness who has not been in Court to testify and to subject himself or herself to cross-examination should be excluded as hearsay and on the ground of unfair prejudice. FED. R. EVID. 401, 402, 403, 801, 802.

GRANTED: _____ DENIED: _____ AGREED: _____

## 9.
## Any Witness Not Properly Identified in Response to Discovery

Any witness not properly identified in Defendants' discovery responses should be excluded. Offering testimony from undisclosed witnesses would constitute an unfair surprise and would unduly prejudice Plaintiffs. FED. R. EVID. 403; FED. R. CIV. P. 26.

GRANTED: _____ DENIED: _____ AGREED: _____

## 10.
## Photographs and Visual Aids

Showing any documents, photographs, or visual aids to the jury, or displaying same in such manner that the jury or any member thereof can see the same, unless and until the same has been tendered to opposing counsel and has been admitted in evidence or approved for admission or use before the jury by the Court.

GRANTED: _____ DENIED: _____ AGREED: _____

## 11.
## Stipulations or Agreements in Front of the Jury

Any attempt in the presence of the jury to seek or request Plaintiffs' attorneys to produce documents, to stipulate to any fact, or to make any agreement.

GRANTED: _____ DENIED: _____ AGREED: _____

## 12.
## Request for Files

Any request or demand in the presence of the jury that Plaintiffs or their counsel produce any matters contained in Plaintiffs' file, which might include exhibits, statements, pleadings, photographs, any other document, or any physical demonstration by Plaintiffs, or any other request to allow examination of the contents of any file (except, however, that a party may demand to see a document used by a witness on the stand to refresh his or her recollection, or a document that a witness testifies that he has used previously to refresh her recollection).

GRANTED: _____ DENIED: _____ AGREED: _____

## 13.
## Discrimination

Any argument that a party should be treated more or less favorably because of such party's race, gender, national origin, nationality, religion, marital status, occupation, or financial state.

GRANTED: _____ DENIED: _____ AGREED: _____

## 14.
## Social Cost of Award

Any argument or suggestion that an award of damages will affect insurance premiums, the price of any goods or services, or the level of taxation.

GRANTED: _____ DENIED: _____ AGREED: _____

## 15.
## Golden Rule

Any argument or suggestion that the jurors should put themselves in the position of a party.

GRANTED: _____ DENIED: _____ AGREED: _____

## 16.
### Counsel's Opinion of Credibility

Any expression of counsel's personal opinion regarding the credibility of any witness.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

## 17.
### Effect of Answers to Jury Question

Any argument that any finding, or failure to find, in response to a particular jury question will, or will not, result in a judgment favorable to any party. This provision does not inhibit argument by counsel that a particular jury question should be answered in a certain way.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

## 18.
### Any Document Not Produced During Discovery

Any document that has not been provided by Defendants in this case should be excluded. FED. R. CIV. P. 26, 37. Further, Defendants should be prohibited from using any such documents during the examination of their witnesses, including Defendants' designated experts, and cross-examination of Plaintiffs' witnesses. Documents of this type were requested from Defendants during discovery in this matter. To the extent Defendants or their experts have any such documents and they have not been produced, they should be excluded. FED. R. CIV. P. 26, 37.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

## 19.
### Objections to Evidence Not Produced in Discovery

Any objection based on failure to disclose evidence in pre-trial discovery. If counsel for Defendants desire to make any such objection, he or she shall request to approach the bench and urge such objection outside the hearing of the jury.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

## 20.
### The Filing of Motions in *Limine*

Any reference to the fact that a Motion in *Limine* has been filed, that a ruling by the Court thereon has been obtained, or any suggestion to the jury by argument or otherwise, that Plaintiffs sought to exclude any matter bearing on the issues in this cause.

GRANTED: _____ DENIED: _____ AGREED: _____

## 21.
### Recovery Subject to Federal Income Taxation

That any recovery by Plaintiffs would or would not be subject to federal income taxation or any other form of taxation.

GRANTED: _____ DENIED: _____ AGREED: _____

## 22.
### Cross-Examination on Prior Daubert Disqualifications of Plaintiffs' Experts

Defendants currently have *Daubert* motions pending regarding two (2) of Plaintiffs' expert witnesses. The Court's ruling on these *Daubert* motions will decide whether Plaintiffs' experts are permitted to testify at trial. For Defendants to be permitted to cross-examine Plaintiffs' experts regarding any prior *Daubert* challenge would effectively place the issue of the admissibility of the testimony of these experts in the hands of the jury. Furthermore, *Daubert* decisions are discretionary rulings of the trial court, not based upon a fixed legal standard; therefore, the *Daubert* standard of one court may be substantially different than that of another. If the Court permits the Defendants to cross-examine Plaintiffs' witnesses regarding prior disqualifications, it will effectively be allowing Defendants to tell the jury, "The other courts were right to disqualify this expert, and this Court was wrong to permit them to testify."

Additionally, the factual and testimonial similarity of any prior successful Daubert challenges with the instance case have not been established; therefore, to permit Defendants to

impeach Plaintiffs' experts with these extraneous matters would create numerous mini-trials regarding (1) the similarity of the subject matter of an expert's testimony in this case to that of another case, and (2) the factual similarities between the cases. Any slight probative value of this evidence is substantially outweighed by the danger of unfair prejudice, and the exclusion of this type of evidence is contemplated by Rule 403 of the Federal Rules of Evidence.

GRANTED: _____ DENIED: _____ AGREED: _____

### 23.
### Theories of Liability Not Plead

Any reference to, comments, and/or testimony regarding theories of liability that Plaintiffs have not plead nor alleged in Plaintiffs' pleadings.

GRANTED: _____ DENIED: _____ AGREED: _____

### 24.
### Attorney-Client Privilege

Any mention of or reference to any communications between Plaintiffs' attorneys and Plaintiffs and their representatives (including conversations between the attorneys and such persons and/or all transactions connected thereto) should be excluded. Plaintiffs claim the attorney-client privilege with regard to such matters and such matters are consequently inadmissible and improper to place before the jury. FED. R. EVID. 501; TEX. R. EVID. 501.

GRANTED: _____ DENIED: _____ AGREED: _____

### 25.
### Court Rulings on Matters Outside the Jury's Presence

Any mention of, reference to, or evidence regarding any action of the Court in ruling upon any matter, including this Motion in *Limine*, prior to the trial of this case or during the trial of this case where the ruling is made outside of the presence of the jury, with the exception of objections to its violation, should be excluded. Further, Plaintiffs request an instruction that no

mention or reference be made about the pleadings, motions (including this Motion in Limine), or other matters filed by Plaintiffs herein or that such matters filed by Plaintiffs were of a particular nature. FED. R. EVID. 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

### 26.
### Requests to Produce or Agree

That the Defendants and attorneys for Defendants not demand or request that attorneys for Plaintiffs produce documents or instruments contained in the files of Plaintiffs or their attorneys or offer to stipulate to any fact, or make any sort of agreement, in the presence of the jury. Further, that Defendants and attorneys for Defendants not state or imply that certain documents or information were requested by Defendants and not provided by Plaintiffs, as all discovery issues are a matter for the Court, which should have been raised prior to trial. FED. R. EVID. 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

### 27.
### Correspondence of Counsel

That the attorneys for Defendants and their witnesses be prohibited from introducing into evidence or reading from any correspondence of Plaintiffs' counsel. Said documents have no bearing on the issue in this case and could cause irreparable harm to the jury fact finding process. FED. R. EVID. 402, 403.

GRANTED: _____ DENIED: _____ AGREED: _____

## 28.
### Expert Reports by Defendants' Experts

Any "expert report" prepared by experts should be excluded as inadmissible hearsay to which no exception applies. FED. R. EVID. 802.

**GRANTED: _____ DENIED: _____ AGREED: _____**

## 29.
### Plaintiffs' Discovery Practices

Any allegations by Defendants or Defendants' counsel that Plaintiffs have engaged in misconduct in the discovery phase in this case or other cases should be excluded. Likewise, Defendants should not be permitted to offer into evidence information regarding pretrial disputes, adequacy of pretrial discovery responses, or other discovery issues, protective orders, and settlements or settlement discussions in this case or any other case involving Plaintiffs. Such information is not relevant to issues in this matter, and references to such matters would only serve to inflame the jury against Plaintiffs. FED. R. EVID. 401, 402, 403.

**GRANTED: _____ DENIED: _____ AGREED: _____**

## 30.
### Number of Alcoholic Beverages
### Allegedly Consumed by Daniel R. Estrada

Any mention of, reference to, or evidence regarding the number of alcoholic beverages consumed by Daniel R. Estrada ("Mr. Estrada") should be wholly excluded. Dianne Navarro ("Ms. Navarro") was with Mr. Estrada at Medina Lake prior to the subject accident.[1] According to the Texas Highway Patrol Major Crash Investigation Report prepared by Trooper Kenneth

---

[1] *See* excerpts from Texas Highway Patrol Major Crash Investigation Report, attached hereto as **Exhibit A**, at p. ESTRADA 0008, ¶2.

Eric Morgan ("Trooper Morgan"), Ms. Navarro said that Mr. Estrada had consumed three (3) cans of beer during a period of approximately two (2) hours prior to the subject crash.[2]

However, Ms. Navarro testified in deposition that she and Mr. Estrada each bought a 12-pack of beer and brought them to the lake. She testified that Mr. Estrada consumed ten (10) cans of beer during the two-hour time period prior to the subject crash:

```
                                    22
13   Q.  Now, I have read some documents or some statements
14       that Daniel consumed three beers during these two hours or two
15       to three beers.  Tell me what's your best recollection of how
16       much beer did he have.
17       A.  It was more than that.
18       Q.  Do you know how much?
19       A.  I had bought a 12-pack and he had bought a 12-pack,
20       and we pretty much finished them all.
21       Q.  The four of you?
22       A.  Yes.
```
***Deposition of Dianne Navarro, Page 22, Lines 13-22.**[3]*

```
                                    56
7    Q.  And you said you had brought a 12-pack and Daniel had
8        brought a 12-pack; is that right?  Or tell me what you
9        remember.
10       A.  Yes.
11       Q.  Did your daughter or her boyfriend drink any of the
12       beer?
13       A.  Yes.
14       Q.  To the best of your knowledge, you said it was more
15       than two or three beers.  How many beers do you believe Daniel
16       did drink that day?
17       A.  We drink the majority of them because my daughter
18       doesn't drink.  She had like two.  And her boyfriend probably
19       had a couple more than she did.  So we drank the majority of
20       them, him and I.  I probably had seven, six or seven; he
21       probably had maybe ten.
```
***Deposition of Dianne Navarro, Page 56, Lines 7-21.**[4]*

Ms. Navarro's testimony that Mr. Estrada consumed ten (10) cans of beer prior to the subject accident is inconsistent with statements previously given by her to Trooper Morgan. In

---

[2] *See Id.*
[3] *See* excerpts of the deposition of Dianne Navaro, attached hereto as **Exhibit B**, at 22:13-22.
[4] *See* excerpts of the deposition of Dianne Navaro, attached hereto as **Exhibit B**, at 56:7-21.

addition, her testimony is inconsistent with the scientific evidence in this case. As a result, her testimony is unreliable and would be unfairly prejudicial to Plaintiffs. FED. R. EVID. 403. Therefore, any mention of, reference to, or any evidence regarding the number of alcoholic beverages allegedly consumed by Mr. Estrada should be wholly excluded.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

### 31.
### Unavailable Witnesses

Any references or comments suggesting or placing before the jury the probable or anticipated testimony of a witness who is absent, unavailable, or otherwise not called to testify at the trial of this cause. *Brown v. Carr*, Civil Action No. C-04-471, 2008 WL 167313 (S.D. Tex. Jan. 16, 2008 unpublished).

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

### 32.
### Facts and Data Upon Which Defendants Contend Support Their Contentions But Which Has Been Destroyed or Not Produced During Discovery

Defendants should be precluded from making any attempts to tender, refer to, offer or exhibit any evidence or elicit testimony from any witness that certain testing or other data supports their contentions or support their experts' opinions if the testing and other data is not available for production or if such testing and other data was not produced by Defendants to Plaintiffs during discovery in this case. Any mention of such facts, testing, or other data would only serve to unfairly surprise and prejudice Plaintiffs. FED. R. CIV. P. 26; FED. R. EVID. 401, 402, 403.

**GRANTED:** _____ **DENIED:** _____ **AGREED:** _____

### 33.
### Tests, Quizzes, or Polling that Pre-Commits Jurors to an Outcome

Hypotheticals, statements or questions asking if a prospective juror agrees, disagrees, or strongly disagrees with a particular standard of care would be irrelevant and unduly prejudicial, because they attempt to pre-commit jurors to a determined outcome and they confuse the jury as to the legal standard that actually applies to this case.

**GRANTED: _____    DENIED: _____    AGREED: _____**

### 34.
### Use of Exhibits that Have Not Been Produced or Made Available for Inspection

Plaintiffs object to the use of any exhibit that is not available for inspection before it is displayed to the jury. If the exhibit is in electronic format only, then it should be made available for inspection in electronic format. Display of the exhibit before it is inspected could result in harm to Plaintiffs, and would therefore, be unduly prejudicial. FED. R. EVID. 403; FED. R. CIV. P. 26.

**GRANTED: _____    DENIED: _____    AGREED: _____**

### 35.
### Testing and Experiments Performed After Commencement of Trial

Defendants should not be permitted to mention or offer into evidence any tests, experiments, or procedures performed after the commencement of trial in this case. It is the specific intent of this request to prohibit the introduction of any so-called "overnight" tests and/or any testimony about, or opinions based in whole or in part upon, such "overnight" tests conducted during trial of this case. FED. R. CIV. P. 26, 37.

**GRANTED: _____    DENIED: _____    AGREED: _____**

## 36.
## Questions to Counsel in Front of the Jury

Any question directed to plaintiff's counsel in front of the jury.

**GRANTED:** _____  **DENIED:** _____  **AGREED:** _____

## 37.
## Use of Demonstrative Aids

Any attempts to exhibit or display in any way before the jury any documents, maps, drawings, photographs, videotapes, blow-ups, motion pictures, PowerPoints, charts, or other visual displays, without the same first being tendered to the Court and opposing counsel, outside the presence of the jury.

**GRANTED:** _____  **DENIED:** _____  **AGREED:** _____

## 38.
## Discovery in This Case

Any reference to an alleged failure or refusal on the part of Plaintiffs to provide to the Defendants all required discovery in this action or any suggestion that Plaintiffs have not engaged, in good faith, in the discovery process or that they have withheld or failed to produce any document or other material which the Defendants now claim to be entitled.

**GRANTED:** _____  **DENIED:** _____  **AGREED:** _____

## 39.
## Proper Notice for Depositions

Any attempt to play any videotaped deposition or read any deposition to the jury without advising attorneys for Plaintiffs notice hours before of the pages and line numbers which Defendants intend to play or read to the jury, with the exception of impeachment of a witness who is on the stand at the time of the reading of his or her deposition.

**GRANTED:** _____  **DENIED:** _____  **AGREED:** _____

## 40.
### Mr. Estrada's Alleged Habit of Running from or Evading Police

Any mention of, reference to, or evidence regarding Mr. Estrada's alleged habit of running from or evading the police. Ms. Navarro testified that Mr. Estrada told her that he had, on previous occasions, evaded the police:

```
                                                 27
 7   Q.  Okay.
 8       A.  And I thought to myself, I hope Daniel is not
 9   speeding because if he is, I know he is not going to stop
10   because he had told me a couple of times that he wouldn't stop
11   sometimes when he would get pulled over, when a cop would put
12   their lights on, I guess when he was speeding. And so when I
13   saw the trooper --
14       Q.  Let me stop you there. When did he tell you that he
15   was not going to stop if a police officer was after him?
16       A.  No, not that he was not going to stop. He had told
17   me a couple of times that he, at different occasions, he had
18   told me stories where a cop would pull him over and he didn't
19   stop, and he had gotten away.
```
***Deposition of Dianne Navarro, Page 27, Lines 7-19.***[5]

```
                                                 55
 4   Q.  Let me ask you about that. You had mentioned Daniel
 5   had had some discussions with you and told you some stories
 6   about evading police. Tell me what you recall about those
 7   discussions.
 8       A.  Just I remember him coming to my house and he was
 9   telling me and kind of laughing about it, and I told him he
10   shouldn't be doing that, that is dangerous and wasn't funny.
11   And he was like: Oh, don't worry about it, I have done it
12   before, I have gotten -- you know, I mean, just basically a
13   guy bragging about what he does. You know, I mean, he liked
14   to race. He did it on the racetrack and I am assuming he did
15   it out on the streets.
16       Q.  Did he specifically tell you that there were times he
17   had evaded police in a chase?
18       A.  Yes, yes.
19       Q.  Do you remember, was it more than once?
20       A.  More than once.
21       Q.  And was it in the Corvette?
22       A.  That I am aware of, yes.
23       Q.  Do you know how many times Daniel had evaded police?
```

---

[5] *See* excerpts of the deposition of Dianne Navaro, attached hereto as <u>Exhibit B</u>, at 27:7-19.

| 24 | A. Off the top of my head from the times he told me |
| 25 | twice, but I am sure it could have been more than that. |

***Deposition of Dianne Navarro, Page 55, Lines 4-25.***[6]

| | 61 |
|---|---|
| 17 | Q. Okay, and then you saw the police officer following |
| 18 | behind with his lights on? |
| 19 | A. Yes. |
| 20 | Q. What was your impression of what Daniel was up to at |
| 21 | that point? |
| 22 | A. That he was running from the cops or from the |
| 23 | trooper. |

***Deposition of Dianne Navarro, Page 61, Lines 17-23.***[7]

Beyond Ms. Navarro's testimony, there is simply no evidence of Mr. Estrada's alleged habit of running from or evading the police. Defendants should not be permitted to offer into evidence or publish to the jury any testimony that Mr. Estrada had a habit of running from or evading the police. Mr. Estrada's personal habits, including, but not limited to, allegedly running from or evading the police are not relevant to the issues of consequence in this case, namely, whether or not the subject buckle in the subject Corvette was defective. Here, any evidence or testimony that Mr. Estrada routinely evaded police can only serve to induce a jury decision on a purely emotional basis rather than an application of the law to the facts. In addition, any such evidence or testimony would be highly prejudicial to the Plaintiffs. FED. R. EVID. 401, 402, 403, 406.

**GRANTED: _____     DENIED: _____     AGREED: _____**

### 41.
### Commentary or Testimony Geared to Justify a Verdict Against Plaintiffs as a "Matter of Principle" and/or to "Send a Message"

Plaintiffs seek exclusion of any comment or argument from witnesses or counsel as to the allegation that Defendants are defending this case "as a matter of principle" or uprightness or

---

[6] *See* excerpts of the deposition of Dianne Navaro, attached hereto as **Exhibit B**, at 55:4-25.
[7] *See* excerpts of the deposition of Dianne Navaro, attached hereto as **Exhibit B**, at 61:17-23.

that a verdict in their favor, is justified as a "matter of principle" or to "send a message" to people driving under the influence or driving above the speed limit, not to sue Defendants for damages. Plaintiffs sustain these comments have no probative value and could unduly influence the jury against Plaintiffs and detract from the real issues of the case. FED. R. EVID. 401, 402, 403.

GRANTED: _____  DENIED: _____  AGREED: _____

### 42.
### FMVSS Compliance

Defendants should not be permitted to mention, refer to, or offer evidence regarding any alleged compliance by Defendants with the FMVSS Test Standards or any state or federal law, statute, or regulation. Defendants should not be permitted to openly assert that the subject buckle or the subject Corvette complied with FMVSS 209 or any other FMVSS Test Standard, or any state or federal law, statute or regulation, absent first proving that the subject buckle or the subject Corvette did in fact comply with such standards, laws, statutes, or regulations. Such evidence is not admissible because compliance with standards calls for a purely legal conclusion, and the prejudicial nature of such statements or evidence would far outweigh any probative value, would tend to confuse and mislead the jury, and would create unfair prejudice for Plaintiffs. FED. R. EVID. 401, 402, 403.

GRANTED: _____  DENIED: _____  AGREED: _____

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND**

/s/ Muhammad S. Aziz
MUHAMMAD S. AZIZ
State Bar No. 24043538
Federal Bar No. 868540
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 8th day of February, 2013.

| | |
|---|---|
| Jeffrey J.Cox<br>Hartline, Dacus, Barger, Dreyer, LLP<br>6688 N. Central Expy., Suite 1000<br>Dallas, Texas 75206 | Jack E. Little, Jr.<br>Weinstein, Tippetts & Little, LLP<br>7660 Woodway, Suite 500<br>Houston, Texas 77063 |
| Michael P. Cooney<br>Brian T. Smith<br>Dykema Gossett, PLLC<br>400 Renaissance Center<br>Detroit, Michigan 48243 | |

/s/ Muhammad S. Aziz
Muhammad S. Aziz